BLADES *v.* BLADES.

DIVORCE—EQUITY—ALIMONY.

Trial court's allowance of $10 a week alimony to wife, made after her nonacceptance of court's alternative of her permitting husband in the home or the continuance of an arrangement whereby her additional expenses were met by their two adult, unmarried, employed children and a man who lives in the house is increased to $20 a week until further order of the court or remarriage, where it appears husband's net take-home pay is over $80 a week.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 9, 1949. (Docket No. 22, Calendar No. 44,302.) Decided October 10, 1949.

Bill by Alice W. Blades against Harry W. Blades for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Plaintiff appeals. Modified and affirmed.

*Ira F. Morgan,* for plaintiff.

*Schmalzriedt, Frye, Granse & Frye,* for defendant.

REID, J. The parties to this case were married in the city of Detroit in 1920. There are 2 children born of the marriage. At the time of the hearing before the trial court, October 1, 1947, Betty Jane was 24

REFERENCES FOR POINTS IN HEADNOTES
17 Am Jur, Divorce and Separation, § 643 *et seq.*

and John Bruce was 19. They live with the plaintiff and are not married. Plaintiff obtained a decree of divorce dated April 8, 1948. The decree provided $10 per week to be paid by the defendant to the friend of the court for the benefit of the plaintiff until the further order of the court. At the time of the hearing plaintiff was 51 years of age. Plaintiff appeals from the order only as to the provision of $10 a week for her support, which she claims should have been not less than $30 per week. The friend of the court recommended permanent alimony at $20 per week.

The statement of Edward Krell, paymaster of the Detroit News, the employer of defendant, shows that defendant has an average of something over $80 per week net "take home" pay.

Plaintiff offered testimony that she is suffering from hypertension and angina pectoris. Plaintiff claims she requires treatment on account of the heart condition and high blood pressure and that she should have at least one treatment per week, costing $5 a treatment.

The trial court seems to have been induced in part to come to his conclusion to render a decree of $10 a week because of the partial support given to the plaintiff by the two children and a Mr. Strahl, who also lives in the house, all of the latter three being employed. It further appears that the three persons named pay such expenses of the household as plaintiff is unable to meet, but do not pay any set amount of board. In his opinion the court said:

"It further appearing that the defendant is not interested in a divorce but offers to return home and support his wife if she so desires, it would seem equitable that he should contribute to her support, but not entirely, because she seems to have an arrangement for partial support from her children on the

theory that the defendant shall be excluded from the home.

"If the plaintiff, therefore, does not desire to avail herself of full support by the husband as his wife, she may have an allowance of $10 a week as permanent alimony until she remarries or until the further order of the court."

The court seems to have tendered to the plaintiff the choice between accepting defendant's offer to return home and support his wife or that she take the $10 a week and continue on her present arrangements. This opinion was dated March 25, 1948, and we infer that the wife did not accept the alternative offer by the trial judge and, hence, the provisions of the decree for alimony heretofore recited.

We consider that $20 a week until the further order of the court or remarriage of plaintiff should have been awarded to plaintiff instead of $10 a week. In all other particulars the decree appealed from is affirmed. A decree will be entered in this Court in accordance with this opinion. Costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.